# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LNV CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1594** |
| **PRAVINCHANDRA DESAI ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 46). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

On January 23, 2015, Plaintiff LNV Corporation's predecessor-in-interest, the failed First NBC Bank, loaned $ 3,224,000.00 to Desai Holdings, LLC ("the Note"). Under the terms of the Note, Desai Holdings, LLC ("Desai Holdings") was obligated to repay the Loan in 59 regular payments of $23,258.51 each, and one irregular last payment estimated at $2,764,232.55 and due on January 23, 2020. To secure the loan, Desai Holdings' sole members, Defendants Nipun Desai and Pravinchandra Desai, each executed personal Commercial Guaranty agreements in which they agreed individually and solidarily with Desai Holdings to "absolutely and unconditionally

1

guarantee full and punctual payment and satisfaction" of Desai Holdings' obligations ("the Guaranty Agreements").

In 2017, the relevant loan documents were assigned to Plaintiff. Plaintiff alleges that neither Desai Holdings nor Defendants made the final payment when it became due on January 23, 2020. Plaintiff alleges that Desai Holdings and Defendants are in default of their obligations under the Note and Guaranty Agreements. Plaintiff filed this action to collect that debt from Defendants, and it seeks a judgment in the amount of $3,484,263.66 comprised of outstanding principal, late fees, interest, protective advance payments, and attorney's fees. Plaintiff now moves for summary judgment, arguing that Defendants have no defense to their obligation to repay the debt.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[2]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[3] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden

---

[1] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[4] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[5] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[6] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[7] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[8]

## LAW AND ANALYSIS

Plaintiff seeks summary judgment on its claim for amounts owed under the loan documents and attorney's fees. It presents evidence that Desai Holdings entered into a valid promissory note, that the Note was assigned to Plaintiff, that Desai Holdings defaulted on the Note by failing to make the payments due therein, and that Defendants each personally guaranteed Desai Holdings' indebtedness under the Note. Defendants do not offer any evidence contradicting these facts. Instead, Defendants argue that Plaintiff's Motion is

---

[4] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[5] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[6] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[7] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[8] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

premature because discovery is incomplete and the COVID-19 pandemic has affected Desai Holdings' ability to pay.

First, Defendants argue that Plaintiff's Motion is premature because discovery is ongoing. Defendants argue that in its March 1, 2021 response to discovery, Plaintiff objected to all of Defendants' requests as irrelevant or privileged. They argue that additional discovery is required to determine whether there is fraud involved in the loan or whether the parties intended for the loan to be restructured. Defendants seek a continuance of this Motion so that they can compel discovery from Plaintiff.

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may defer consideration of the motion or allow the nonmovant additional time for discovery. "To justify a continuance, the Rule 56(d) motion must demonstrate (1) why the movant needs additional discovery; and (2) how the additional discovery will likely create a genuine issue of material fact."[9] The Rule 56(d) movant "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[10]

Defendants have not satisfied the Rule 56(d) requirements for a continuance because they did not provide a declaration or affidavit in support of their request or identify specific facts that additional discovery will likely

---

[9] Weaver v. Harris, 486 F. App'x 503, 505 (5th Cir. 2012).
[10] McKay v. Novartis Pharm. Corp., 751 F.3d 694, 700 (5th Cir. 2014).

4

reveal. Further, Defendants filed their opposition requesting additional time to compel discovery on March 2, 2021. The discovery deadline in this matter was May 17, 2021. As of July 13, 2021, no motions to compel have been filed, and Defendants have not supplemented their response with any additional information. "If the requesting party 'has not diligently pursued discovery, . . . she is not entitled to relief' under Rule 56(d)."[11] Accordingly, Defendants' request for a Rule 56(d) continuance of this Motion is denied.

Next, Defendants argue that the circumstances surrounding the COVID-19 pandemic render this Motion premature. They attribute Desai Holdings' inability to satisfy its obligations under the Note to the pandemic and the Governor of Louisiana's March 11, 2020 order requiring non-essential businesses to close. Defendants point out that Desai Holdings' sole asset is a hotel that was severely impacted by the lack of tourism resulting from the pandemic. In reliance on Louisiana Civil Code article 1873, they argue that the pandemic, and corresponding government shutdown, was an unforeseen, fortuitous event that rendered Desai Holdings' performance under the Note impossible. They ask the Court to continue this matter until Louisiana is able to "open all businesses and the economy rebounds from this pandemic."[12]

As Plaintiff points out, however, the undisputed facts establish that the Note matured months before the pandemic, and Desai Holdings' final payment was due on January 23, 2020. On January 31, 2020, Plaintiff provided Desai Holdings and Defendants with a Notice of Default and Demand to Cure the Loan. Desai Holdings and Defendants have been in default on their obligations

---

[11] *Id.* (quoting Beattie v. Madison Cty. Sch. Dist., 254 F.3d 595, 606 (5th Cir. 2001)).
[12] Doc. 47.

5

since that time. Accordingly, the pandemic did not affect their ability to pay or cause them to default on their obligations.

Because Defendants have not presented any material issue of fact or defense for their failure to satisfy their obligation to guarantee Desai Holdings' debt under the Note, summary judgment is appropriate. In addition, the Guaranty Agreements provide that Plaintiff is entitled to recover attorney's fees and costs incurred in connection with its attempts to collect the amounts due and owing under the terms of the respective Guaranty Agreements. Accordingly, Plaintiff is entitled to judgment in the amount of $3,484,263.66 for unpaid principal, interest, late fees, protective advance payments, and attorney's fees and costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**. Plaintiff is entitled to judgment on its claims against Defendants Nipun Desai and Pravinchandra Desai in the amount of $3,484,263.66.

New Orleans, Louisiana this 14th day of July, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**